## Hummer et. al. v. Lockwood.

A special contract for work must prevail unless the departure from it has been so great and general as to render it impossible to connect the contract with the work, or to determine to what part of the work the contract can apply.

Such a contract should regulate the estimates of measure and value.

Error to Lee District Court.

*Opinion by* Greene, J.   Lockwood sued Hummer and Lowe in assumpsit for work, labor and materials furnished to them under a written contract.   The declaration contains special *indebitatus* and *quantum merrit* counts.   The general issue and special pleas were interposed.   Verdict and judgment for plaintiff.

Among the errors assigned, there is but one upon which a decision is necessary.   In that, it is contended that the court erred in charging the jury that : "If there has been a special contract fixing the price of the plastering, and that special contract has been abandoned and departed from by the defendants so as to change the character or quality of the work, such special contract is not so binding upon Lockwood as to prevent him from recovering the customary price therefor, though it may exceed that agreed upon." This instruction assumes that an abandonment or departure from the special contract, which may change the character or quality of the work, will entirely dispense with the stipulations of that contract.   Such we think is not the law.   A mere change in the character or quality of work will not abrogate the contract under which the work is done.   To justify this, the change must be so great and so general as to render it impossible to connect the contract with the work, or to determine to which part of the work the contract can apply.

The rule laid down by Chitty is universally adopted by

Hummer *v.* Lockwood.

common law tribunals. "If a man contracts to work by a certain plan, and that plan be so *entirely* abandoned that it is *impossible* to trace the contract and say to which part of the work it shall be applied, in such case, the workman shall be permitted to charge for the whole work done by measure and value as if no such contract had been made." Chitty on Con. 168.

Under this doctrine it is obvious that the instruction referred to is erroneous. The words "abandoned and departed from" are qualified by the words, "so as to change the character or quality of the work." It was in effect then the same as if the court had instructed, "that if the contract had been so far abandoned and departed from as to change the character or quality of the work, it should not be observed." This falls far short of the rule which requires the plan to be so entirely abandoned as to render it impossible to trace the contract with the work performed.

So far as applicable such a contract should regulate and control the estimates, and thus the measure and value, intended by the parties will be most likely to prevail.

As the instruction was material and calculated to mislead the jury, the judgment must be reversed and a trial *de novo* awarded.

Judgment reversed.

*R. P. Lowe,* for plaintiff in error.

*J. Matthews,* for defendant.